**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MILTON ROBLES and DAYRA**
**RIVERA**, individually and on behalf
of all others similarly situated,

    Plaintiff,

v.                                                              Case No.:  8:19-cv-2713-T-02AAS

**LOWE'S HOME CENTERS, LLC,**

    **Defendant.**
_____/

**FIRST AMENDED CLASS ACTION COMPLAINT**

    1.    Pursuant to Fed.R.Civ.P. 15(a)(1)(B), Named Plaintiffs Milton Robles and Dayra Rivera ("Plaintiffs"), file this First Amended Class Action Complaint alleging Defendant Lowe's Home Centers, LLC ("Lowe's" or "Defendant") violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), by failing to provide them with a COBRA notice that complies with the law.

    2.    Despite having access to the Department of Labor's Model COBRA form, a copy of which is attached as Exhibit A, Lowe's chose not to use the model form— presumably to save Lowe's money by pushing terminated employees away from electing COBRA.[1]

    3.    Put another way, instead of utilizing the DOL Model Notice and sending a single COBRA notice "written in a manner calculated to be understood by the average plan participant" containing all required by law, to save money Lowe's instead opted to break the information into

---

[1] In fact, according to one Congressional research service study, "…[The] average claim costs for COBRA beneficiaries exceeded the average claim for an active employee by 53%. The average annual health insurance cost per active employee was $7,190, and the COBRA cost was $10,988.14. The Spencer & Associates analysts contend that this indicates that the COBRA population is sicker than active-covered employees and that the 2% administrative fee allowed in the law is insufficient to offset the difference in actual claims costs." Health Insurance Continuation Coverage Under COBRA, Congressional Research Service, Janet Kinzer, July 11, 2013.

1

multiple documents, mailed separately under different cover, containing bits and pieces of information on COBRA, both of which are still missing critical information. In fact, the DOL Model Notice was designed to avoid precisely the issues caused by Lowe's confusing and piecemeal COBRA rights notification process.

4. The deficient COBRA notices at issue in this lawsuit both confused and misled Plaintiffs. It also caused Plaintiffs economic injuries in the form of lost health insurance and unpaid medical bills, as well as informational injuries.

5. Lowe's, the plan sponsor and plan administrator of the Lowe's Welfare Plan ("Plan"), has repeatedly violated ERISA by failing to provide participants and beneficiaries in the Plan with adequate notice, as prescribed by COBRA, of their right to continue their health coverage upon the occurrence of a "qualifying event" as defined by the statute.

6. Defendant's COBRA notice and process violates the law. Rather than including all information required by law in a single notice, written in a manner calculated to be understood by the average plan participant, Defendant's COBRA notification process instead offers only part of the legally required information in haphazard and piece-meal fashion.

7. For example, Defendant's "COBRA Continuation Coverage Enrollment Notice," sent to Named Plaintiff Milton Robles on May 15, 2019 and attached as Exhibit B, violates 29 C.F.R. § 2590.606-4(b)(4)(v) because Exhibit B *itself* never actually explains how to enroll in COBRA, nor does it bother including a physical election form (both of which the model Department of Labor form includes).

8. Instead, Exhibit B merely directs plan participants to a "catch-all" general H.R. phone number to enroll in COBRA, and website, operated by a third-party guised as Lowe's benefits department, rather than explaining how to actually enroll in COBRA. But Exhibit B contains no instructions on how to actually enroll if one calls the phone number, or when one visits the website.

This is particularly problematic considering Exhibit B actually does, in fact, contain specific instructions on how to use the website to access the Summary of Benefits and Coverage available on the same website.  Thus, it defies logic for the same document -- which purports to be a "COBRA enrollment notice" -- not to also contain instructions on how to enroll in COBRA.

9. Additionally, Exhibit B violates 29 C.F.R. § 2590.606–4(b)(4)(xii) because it fails to include an address indicating where COBRA payments should be mailed.  It also violates 29 C.F.R. § 2590.606-4(b)(4)(i) because it fails to identify the plan administrator.   And, Exhibit B violates 29 C.F.R. § 2590.606–4(b)(4)(xii) because it fails to include information on how COBRA coverage can be lost prematurely, including, for example, because of late payments.  Furthermore, Exhibit B violates 29 C.F.R. § 2590.606-4(b)(4)(vi) because it fails to provide all required explanatory information.

10. Because Exhibit B omits the above critical pieces of information, it collectively violates 29 C.F.R. § 2590.606–4(b)(4), which requires the plan administrator of a group-health plan to provide a COBRA notice "written in a manner calculated to be understood by the average plan participant."  Without information on *how* to elect COBRA, or *where* to send payments, or *who* is the Plan Administrator, or *what* happens if timely payments are not made, Defendant's COBRA enrollment notice simply is not written in a manner calculated to be understood by the average plan participant.

11. To compound the confusion, Defendant sent Plaintiffs a second letter, attached as Exhibit C, containing information on COBRA in a document labeled "Important Information About Your COBRA Continuation Coverage."  The two documents were mailed under separate cover, only further adding to the confusion.  And, while Exhibit C contains some of the information missing from Exhibit B, it does not contain all of it.

12. As a result of receiving the COBRA enrollment notice, and the subsequent letter

attached as Exhibit C, Plaintiffs failed to understand the notice and, thus, Plaintiffs could not make an informed decision about their health insurance and lost health coverage.

13. Plaintiffs suffered a tangible injury in the form of economic loss, specifically the loss of insurance coverage and incurred medical bills, due to Lowe's deficient COBRA forms. In addition to a paycheck, health insurance is one of the most valuable things employees get in exchange for working for an employer like Lowe's. Insurance coverage has a monetary value, the loss of which is a tangible and an economic injury.

14. And, not only did Plaintiffs lose their insurance coverage, not only did Plaintiffs lose their insurance coverage, after Plaintiff Dayra Rivera lost her insurance she incurred medical bills resulting in further economic injury. Likewise, because Plaintiff Milton Robles lost his health insurance due to Defendant's deficient COBRA notice, he endured sickness without receiving much-needed medical care because he had no health insurance to pay for treatment.

15. Lowe's deficient COBRA notice also caused Plaintiffs an informational injury when Lowe's failed to provide them with information to which they were entitled to by statute, namely a compliant COBRA election notice containing all information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a). Through ERISA and then COBRA, Congress created a right—the right to receive the required COBRA election notice—and an injury—not receiving a proper election notice with information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a). Lowe's injured Plaintiffs and the class members they seek to represent by failing to provide all information in its notice required by COBRA.

16. As a result of these violations, which threaten Class Members' ability to maintain their health coverage, Plaintiffs seek statutory penalties, injunctive relief, attorneys' fees, costs and expenses, and other appropriate relief as set forth herein and provided by law.

## JURISDICTION, VENUE, AND PARTIES

17. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and (f), and also pursuant to 28 U.S.C. §§ 1331 and 1355.

18. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2). Additionally, ERISA § 502(e)(2) provides that venue is proper "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Because the breach at issue took place in this District, venue is also proper.

19. Plaintiffs are former employees of Defendant. Both were covered under Defendant's Health Plan, making both participants/beneficiaries under the Plan.

20. Both Plaintiffs experienced a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering them qualified beneficiaries of the Plan pursuant to 29 U.S.C. § 1167(3).

21. Defendant is a foreign corporation but is registered to do business in the State of Florida. Defendant employed more than 20 employees who were members of the Plan in each year from 2012 to 2018.

22. Defendant is the Plan sponsor within the meaning of 29 U.S.C. §1002(16)(B), and the administrator of the Plan within the meaning of 29 U.S.C. § 1002(16)(A). The Plan provides medical benefits to employees and their beneficiaries, and is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and a group health plan within the meaning of 29 U.S.C. § 1167(1).

## FACTUAL ALLEGATIONS

### *COBRA Notice Requirements*

23. The COBRA amendments to ERISA included certain provisions relating to continuation of health coverage upon termination of employment or another "qualifying event" as

defined by the statute.

24. Among other things, COBRA requires the plan sponsor of each group health plan normally employing more than 20 employees on a typical business day during the preceding year to provide "each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event … to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161.

25. Notice is of enormous importance. The COBRA notification requirement exists because employees are not expected to know instinctively of their right to continue their healthcare coverage.

26. Moreover, existing case law makes it ostensibly clear that notice is not only required to be delivered to covered employees but to qualifying beneficiaries, as well.

27. COBRA further requires the administrator of such a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4). This notice must be "[i]n accordance with the regulations prescribed by the Secretary" of Labor.  29 U.S.C. § 1166(a).

29. To facilitate compliance with notice obligations, the United States Department of Labor ("DOL") has issued a Model COBRA Continuation Coverage Election Notice ("Model Notice"), which is included in the Appendix to 29 C.F.R. § 2590.606-4. A copy of this Model Notice is attached hereto as Exhibit A.  The DOL website states that the DOL "will consider use of the model election notice, appropriately completed, good faith compliance with the election notice content requirements of COBRA."

30. In the event that a plan administrator declines to use the Model Notice and fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, the administrator is subject to statutory penalties of up to $110 per participant or beneficiary per day

from the date of such failure. 29 U.S.C. § 1132(c)(1). In addition, the Court may order such other relief as it deems proper, including but not limited to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and payment of attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g)(1). Such is the case here. Defendant failed to use the Model Notice and failed to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, as set forth below.

*Defendant's Notice Is Inadequate and Fails to Comply with COBRA*

31.   Defendant partially adhered to the Model Notice provided by the Secretary of Labor, but only to the extent that served Defendant's best interests, as critical parts are omitted or altered in violation of 29 C.F.R. § 2590.606-4. Among other things:

   a.   **Defendant's COBRA forms violate 29 C.F.R. § 2590.606-4(b)(4)(v) because the notice itself never actually explains how to enroll in COBRA, nor does it bother including a physical election form (both of which the model Department of Labor form includes);**

   b.   **Exhibit B violates 29 C.F.R. § 2590.606-4(b)(4)(xii) because it fails to provide the address to which payments should be sent;**

   c.   **Defendant's COBRA forms violate 29 C.F.R. § 2590.606-4(b)(4)(i) because they fail to provide the name, address and telephone number of the party responsible under the plan for administration of continuation coverage benefits, including as to both the Plan Administrator and COBRA Administrator;**

   d.   **Defendant's COBRA forms violate 29 C.F.R. § 2590.606-4(b)(4)(xii) because it fails to include information stating that a participant may prematurely lose COBRA coverage (if, for instance, the participant becomes covered under another group health plan, becomes Medicare eligible or fails to make timely payment);**

   e.   **Defendant's COBRA forms violate 29 C.F.R. § 2590.606-4(b)(4)(vi) because it fails to provide all required explanatory information. For example, there is no explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act; and, finally,**

   f.   **Defendant's COBRA forms violate 29 C.F.R. § 2590.606-4(b)(4) because Defendant has failed to provide a notice written in a manner**

**calculated to be understood by the average plan participant.**

32. Defendant's COBRA notice confused Plaintiffs and resulted in their inability to make an informed decision as to electing COBRA continuation coverage. In fact, Plaintiffs did not understand the notice and, further, Plaintiffs were unable to elect COBRA because of the confusing and incomplete Lowe's COBRA notice. For example, the COBRA's notice omission of a payment address left them without information on where to mail payment if elected. Similarly, Exhibit B failed to sufficiently explain how to enroll in COBRA.

33. Defendant's attempt to cure the above deficiencies with a separate COBRA form, attached as Exhibit C, only adds to the confusion. As a result, Plaintiffs could not make an informed decision about their health insurance and lost health coverage.

### *Plaintiff Milton Robles*

34. Named Plaintiff Milton Robles is a former long-time employee of Defendant and father of three children.

35. He began working for Defendant on October 26, 209, until his abrupt termination on May 6, 2019, when he was fired missing work while taking care of his sick fifteen year-old daughter. Plaintiff Robles was not fired for gross misconduct.

36. Importantly, while Plaintiff Robles was a participant in Defendant's insurance Plan, his wife and three young daughters (ages 2, 13, and 15 at the time) were also covered by part of the plan, making them Plan beneficiaries.

37. As a result of his termination on May 6, 2019, Plaintiff Robles experienced a qualifying event as defined by 29 U.S.C. § 1163(2).

38. Following this qualifying event, Defendant caused its COBRA Administrator, Alight Solutions, to mail Plaintiff Robles the deficient COBRA enrollment notice attached hereto as Exhibit B. Also, Defendant mailed to Plaintiff its "Important Information About Your COBRA

Continuation Coverage", containing some – but not all – of the information missing from its COBRA enrollment notice.

39. The deficient COBRA notice that Plaintiff Robles received was violative of COBRA's mandates for the reasons set forth herein.

40. Defendant has in place no administrative remedies Plaintiff Robles was required to exhaust prior to bringing suit.

41. Additionally, because no such administrative remedies exist, any attempt to exhaust the same would have been futile.

42. Plaintiff Robles suffered a tangible injury in the form of economic loss, specifically the loss of insurance coverage, due to Defendant's deficient COBRA election notice.

43. Additionally, after Plaintiff Robles lost his health insurance he suffered further injury when he refrained from seeking medical treatment – despite having an illness requiring medical treatment – because he lost his health insurance due to Defendant's deficient COBRA notice.

44. Finally, Plaintiff Robles suffered an informational injury as a result of Defendant's COBRA notice because he was never provided all information to which she was entitled by 29 C.F.R. § 2590.606-4(b).

### *Plaintiff Dayra Rivera*

45. Plaintiff Dayra Rivera worked for Defendant beginning in March 2018, and, during that time, was also a participant in Defendant's health plan.

46. During her employment with Defendant, Plaintiff Dayra Rivera suffered an injury on the job and was unable to continue working. Importantly, she was not terminated for gross misconduct.

47. Thus, when she was injured, Defendant cancelled her health plan benefits and Plaintiff experienced a qualifying event per 29 U.S.C. § 1163(2).

48.     Following this qualifying event, Defendant caused its COBRA Administrator, Alight Solutions, to mail Plaintiff the deficient COBRA enrollment notice attached hereto as Exhibit B. Also, Defendant mailed to Plaintiff Dayra Rivera the attached "Important Information About Your COBRA Continuation Coverage", containing some – but not all – of the information missing from its COBRA enrollment notice.

49.     The deficient COBRA notice that Plaintiff Dayra Rivera received was violative of COBRA's mandates for the reasons set forth herein.

50.     Defendant has in place no administrative remedies Plaintiff were required to exhaust prior to bringing suit.

51.     Additionally, because no such administrative remedies exist, any attempt to exhaust the same would have been futile.

52.     Plaintiff Dayra Rivera suffered a tangible injury in the form of economic loss, specifically the loss of insurance coverage and incurred medical bills, due to Defendant's deficient COBRA election notice.

53.     Additionally, after Plaintiff Dayra Rivera lost her insurance because of Defendant's deficient COBRA notice she incurred medical bills resulting in further economic injury.

54.     Finally, Plaintiff Dayra Rivera suffered an informational injury as a result of Defendant's COBRA notice because she was never provided all information to which she was entitled by 29 C.F.R. § 2590.606-4(b).

55.     Defendant has in place no administrative remedies Plaintiffs were required to exhaust prior to bringing suit.

56.     Additionally, because no such administrative remedies exist, any attempt to exhaust the same would have been futile.

### *Violation of 29 C.F.R. 29 C.F.R. § 2590.606-4(b)(4)(v)*
### *Failure to explain how to enroll in COBRA*

57. The governing statute clearly requires that "[t]he notice … shall be written in a manner calculated to be understood by the average plan participant and shall contain the following information:…(v) [a]n explanation of the plan's procedures for electing continuation coverage, including an explanation of the time period during which the election must be made, and the date by which the election must be made."  29 C.F.R. § 2590.606-4(b)(4)(v).

58. As a threshold matter, Exhibit B, Defendant's COBRA enrollment notices fail to adequately explain the procedures for electing coverage.  Neither does Exhibit C.  By failing to including explain the procedures for electing coverage, Defendant interfered with Plaintiffs' ability to elect COBRA continuation coverage.  And, furthermore, by failing to adequately explain the procedures for electing coverage, Lowe's prevented Plaintiffs from understanding their rights under COBRA and how to make an informed decision about continuation coverage.

59. Instead, Defendant's COBRA enrollment notice merely directs plan participants to a general phone number, and website, rather than explaining how to actually enroll in COBRA.  To further compound the confusion, the Lowe's COBRA enrollment notice contains no instructions on how to actually enroll if one calls the phone number, or visits the website.  The telephone number provided by Lowe's in its COBRA enrollment notice is a "catch-all" number individuals can call with questions about anything benefit-related, including retirement funds, etc., as is the website.

60. This "catch-all" number is actually a phone number to a third-party administrator, Alight Solutions (an entity never identified in the COBRA notice), as is the website.

61. A "catch-all" number provided by Defendant and then routed to a third-party call center designed to answer anything HR-related simply cannot meet the strict informational statutory requirements of 29 C.F.R. § 2590.606-4(b)(4)(v) required of all COBRA notices as to enrollment.

11

The same is true as to the generic website link provided.  Merely directing individuals to a website link and assuming he/she will be able to figure out how to enroll in COBRA once the website is visited simply is very different than actually explaining how to enroll in COBRA.

62.     Unlike the Lowe's COBRA notice, the Model DOL notice provides a near fool-proof way to elect COBRA coverage by providing a physical election form to mail in, the date it is due, the name and address to where election forms should be sent, spaces for the names, social security numbers, and type of coverage elected by each plan participant or beneficiary.  (Exhibit A, p. 7).

63.     Lowe's COBRA enrollment notice simply does not contain "an explanation of the plan's procedures for electing continuation coverage, including an explanation of the time period during which the election must be made, and the date by which the election must be made" as required by 29 C.F.R. § 2590.606-4(b)(4)(v).  Merely telling Plaintiffs and the putative class members to call a generic 1-800 number, or visit a catch-all website, operated by a third-party and hope they are able to figure out how to enroll after they call is not what is legally required in a COBRA notice.  Instead, the notice itself must contain information on how to enroll.  Lowe's simply does not.

*Violation of 29 C.F.R. § 2590.606-4(b)(4)(xii) – Failure to provide the address to which payments should be sent*

64.     Defendant is specifically required to include in its notice the address to which payments should be sent. 29 C.F.R. § 2590.606-4(b)(4)(xii).  Exhibit B simply does not include this information.

65.     The COBRA enrollment notice provided to Plaintiff states "Once enrolled, you'll receive your first bill for the cost of continuing coverage from the date your coverage ended through the end of the month in which you make your COBRA/continuation coverage election. You must submit your first payment within 45 days of when you elected COBRA/continuation

coverage." (Exhibit B, p. 4). Remarkably, however, the notice fails to actually state where payments are to be sent. This is a per se violation of 29 C.F.R. § 2590.606-4(b)(4)(xii), which on its face requires all COBRA notices include "the address to which payments should be sent."

66. Defendant's attempt to cure this deficiency by providing a mailing address for payment in Exhibit C only demonstrates that Defendant knows this information must be disclosed. But this piecemeal strategy for separating COBRA information does not comport with the law. Rather, as demonstrated by the Model DOL COBRA notice, which is a single cohesive document, 29 C.F.R. § 2590.606-4(b)(4)(xii) contemplates providing the statutorily required information in "a" COBRA "notice" (singular), rather than in multiple documents which must be read in conjunction with one another for plan participants/beneficiaries to glean the necessary information from.

67. Without this information Plaintiffs are left ready and willing, but unable, to properly enroll and maintain continuation coverage.

68. A misrepresentation is material if there is a substantial likelihood that it would mislead a reasonable employee in making an adequately informed decision. Without knowing where to send payment in Exhibit B, Plaintiffs were misled as to how to enroll in COBRA.

69. Because of the foregoing deficiencies, Defendant's COBRA notice is insufficient. Defendant has misled Plaintiffs about the material parameters and procedures surrounding their right to elect Cobra coverage, failing to comply with the requirements made clear by the Code of Federal Regulations.

### *Violation of 29 C.F.R. § 2590.606-4(b)(4)(xii) – Failure to Include Information On Prematurely Losing COBRA coverage*

70. Defendant is specifically required to include in its notice the consequences of delayed payment and non-payment, as well as information on what happens if a participant becomes

covered under another group health plan, becomes Medicare eligible. 29 C.F.R. § 2590.606-4(b)(4)(xii).

71. Exhibit B fails to include this information. This is particularly problematic here considering that Exhibit B also fails to include where to mail payment. Thus, not only were Plaintiffs and the putative class members not provided with information on where to send payment in Exhibit B, they were deprived of the statutorily-required information on the consequences of not making the timely payments for which they had no mailing address.

72. Providing this information piece-meal in a separate follow-up letter, attached as Exhibit C, does not comport with the law as Plaintiffs and the putative class members should not be required to read multiple letters in conjunction with each other in order to understand their rights, including where to send payment.

*Violation of 29 C.F.R. § 2590.606-4(b)(4)(vi) – Failure to Include Explanatory Information*

73. Exhibit B violates 29 C.F.R. § 2590.606-4(b)(4)(vi) because it fails to provide all required explanatory information.

74. For example, there is simply no explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act.

*Violation of 29 C.F.R. § 2590.606-4(b)(4)(i) – Failure to Identify Plan Administrator*

75. Plaintiffs were unable -- based on the content or Exhibits B and/or C -- to ascertain the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits.

76. Defendant was required to provide "in a manner calculated to be understood by the average plan participant ... the name, address and telephone number of the party responsible

under the plan for administration of continuation coverage benefits." 29 C.F.R. § 2590.606-4(b)(4)(i).

77. Defendant's Notice, Exhibit B, fails to comply with this straightforward requirement. Nor does Exhibit C contain this information.

78. Identifying who acted is the Plan Administrator is absolutely critical to know because "the plan administrator bears the burden of proving that adequate COBRA notification was given to the employee." *Griffin v. Neptune Tech. Group*, 2015 U.S. Dist. LEXIS 48000, 2015 WL 1635939, *9 (M.D. Ala. Apr. 13, 2015); (*citing to Hoffman v. R.F. Group*, 2015 U.S. Dist. LEXIS 88598, *12, 2015 WL 4139084 (M.D. Fla. May 20, 2015). Lowe's notice omits this critical and legally required information.

### *Violation of 29 C.F.R. § 2590.606-4(b)(4) – Failure to Provide COBRA Notice Written in a Manner Calculated "To Be Understood By the Average Plan Participant"*

79. By failing to adequately explain the procedures for electing coverage, as required by 29 C.F.R. § 2590.606-4(b)(4)(v), coupled with the complete omission from Exhibit B of how to actually enroll in COBRA, where to send payment, the consequences for untimely payments, failure to include all required explanatory information, and even who the Plan Administrator is/was, Defendant cumulatively violated 29 C.F.R. § 2590.606- 4(b)(4). This particular section mandates that employers, like Defendant, must provide a notice of continuation coverage written in a manner calculated "to be understood by the average plan participant." Without the aforementioned critical pieces of, Defendant's COBRA notice cannot be said to be written in a manner calculated "to be understood by the average plan participant." Thus, Defendant violated 29 C.F.R. § 2590.606-4(b)(4)(v).

### CLASS ACTION ALLEGATIONS

80. Plaintiffs bring this action as a class action pursuant to the Federal Rules of Civil

Procedure on behalf of the following persons:

> **All participants and beneficiaries in the Defendant's Health Plan who were sent a COBRA notice by Defendant, in the form attached as Exhibit B, during the applicable statute of limitations period as a result of a qualifying event, as determined by Defendant's records, and did not elect continuation coverage**.

81. No administrative remedies exist as a prerequisite to Plaintiffs' claims on behalf of the Putative Class. As such, any efforts related to exhausting such non-existent remedies would be futile.

82. Numerosity: The Class is so numerous that joinder of all Class members is impracticable. On information and belief thousands of individuals satisfy the definition of the Class.

83. Typicality: Plaintiffs' claims are typical of the Class. The COBRA notice that Defendant sent to Plaintiffs was a form notice that was uniformly provided to all Class members. As such, the COBRA notice that Plaintiffs received were typical of the COBRA notices that other Class Members received and suffered from the same deficiencies.

84. Adequacy: Plaintiffs will fairly and adequately protect the interests of the Class members, he has no interests antagonistic to the class, and has retained counsel experienced in complex class action litigation.

85. Commonality: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

   a. Whether the Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

   b. Whether Defendant's COBRA notice complied with the requirements of 29

U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

c. Whether statutory penalties should be imposed against Defendant under 29 U.S.C. § 1132(c)(1) for failing to comply with COBRA notice requirements, and if so, in what amount;

d. The appropriateness and proper form of any injunctive relief or other equitable relief pursuant to 29 U.S.C. § 1132(a)(3); and

e. Whether (and the extent to which) other relief should be granted based on Defendant's failure to comply with COBRA notice requirements.

86. Class Members do not have an interest in pursuing separate individual actions against Defendant, as the amount of each Class Member's individual claims is relatively small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices and the adequacy of its COBRA notice. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action.

87. Plaintiffs intend to send notice to all Class Members to the extent required the Federal Rules of Civil Procedure. The names and addresses of the Class Members are available from Defendant's records, as well as from Defendant's third-party administrator, Alight Solutions.

## CLASS CLAIM I FOR RELIEF
*Violation of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4*

88. Plaintiff reincorporates by reference paragraphs 1-16, 17-22, 31-87 from above.

89. The Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

90. Defendant is the plan sponsor and plan administrator of the Plan and was subject to the continuation of coverage and notice requirements of COBRA.

91. Plaintiffs and the other members of the Class experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and Defendant was aware that they had experienced such a qualifying event.

92. On account of such qualifying event, Defendant sent Plaintiffs and the Class Members a COBRA notice in the form attached hereto.

93. The COBRA notice that Defendant sent to Plaintiffs and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 for the reasons set forth above (among other reasons).

94. These violations were material and willful.

95. Defendant knew that its notice was inconsistent with the Secretary of Labor's Model Notice and failed to comply with 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4, but chose to use a non-compliant notice in deliberate or reckless disregard of the rights of Plaintiffs and other Class Members.

## **PRAYER FOR RELIEF**

*WHEREFORE*, Plaintiffs, individually and on behalf of the Class, pray for relief as follows:

a. Designating Plaintiffs' counsel as counsel for the Class;

b. Issuing proper notice to the Class at Defendant's expense;

c. Declaring that the COBRA notice sent by Defendant to Plaintiffs and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

d. Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including but not limited to an order enjoining Defendant from continuing to use its defective COBRA notice and requiring Defendant to send corrective notices;

      e.      Awarding statutory penalties to the Class pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day for each Class Member who was sent a defective COBRA notice by Defendant;

      f.      Awarding attorneys' fees, costs and expenses to Plaintiffs' counsel as provided by 29 U.S.C. § 1132(g)(1) and other applicable law; and

      g.      Granting such other and further relief, in law or equity, as this Court deems appropriate.

      h.      Designating Plaintiffs' counsel as counsel for the Class;

      i.      Issuing proper notice to the Class at Defendant's expense;

      j.      Declaring that the COBRA notice sent by Defendant to Plaintiffs and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

      k.      Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including but not limited to an order enjoining Defendant from continuing to use its defective COBRA notice and requiring Defendant to send corrective notices;

      l.      Awarding statutory penalties to the Class pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day for each Class Member who was sent a defective COBRA notice by Defendant;

      m.      Awarding attorneys' fees, costs and expenses to Plaintiffs' counsel as provided by 29 U.S.C. § 1132(g)(1) and other applicable law; and

      n.      Granting such other and further relief, in law or equity, as this Court deems appropriate.

Dated this 6th day of January, 2020.

        Respectfully submitted,

        */s/Brandon J. Hill*
        **LUIS A. CABASSA**
        Florida Bar Number: 053643
        Direct No.: 813-379-2565
        **BRANDON J. HILL**
        Florida Bar Number: 37061
        Direct No.: 813-337-7992
        **WENZEL FENTON CABASSA, P.A.**
        1110 North Florida Ave., Suite 300
        Tampa, Florida 33602
        Main No.: 813-224-0431
        Facsimile: 813-229-8712
        Email: lcabassa@wfclaw.com
        Email: bhill@wfclaw.com
        Email: twells@wfclaw.com
        Email: jcornell@wfclaw.com
        ***Attorneys for Plaintiff and the Class***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of January, 2020, the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

        /s/ *Brandon J. Hill*
        **BRANDON J. HILL**