# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

MILTON ROBLES and DAYRA RIVERA,

     Plaintiffs,

                                   CASE NO.:  8:19-cv-2713-T-02AAS

v.

LOWE'S HOME CENTERS, LLC,

     Defendant.                     /

## DEFENDANT LOWE'S HOME CENTERS, LLC'S
## MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
## COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Cameron G. Kynes
McGuireWoods LLP
50 North Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone:  (904) 798-3411
Facsimile:  (904) 360-6335
ckynes@mcguirewoods.com

Bruce M. Steen (admitted *pro hac vice*)
McGuireWoods LLP
201 N. Tryon Street, Ste. 3000
Charlotte, NC 28202
Telephone:  (704) 353-6244
Facsimile:  (704) 353-6200
bsteen@mcguirewoods.com

Elena D. Marcuss (admitted *pro hac vice*)
McGuireWoods LLP
500 East Pratt Street, Suite 1000
Baltimore, MD 21202
Telephone:  (410) 659-4454
Facsimile:  (410) 659-4547
emarcuss@mcguirewoods.com

*Trial Counsel for Defendant Lowe's
Home Centers, LLC*

# **TABLE OF CONTENTS**

**INTRODUCTION**.................................................................................................. 1

**FACTUAL BACKGROUND**.................................................................................. 2

**STANDARD OF REVIEW** .................................................................................... 3

**ARGUMENT** ......................................................................................................... 5

  I.  Plaintiffs Lack Standing............................................................................ 5

    A.  Plaintiffs' "informational injury" is not an injury in fact. ..................... 5

    B.  Plaintiffs failed to sufficiently allege that their decision not to elect continuation coverage was caused by alleged deficiencies in the Lowe's Notice....................... 7

  II.  Plaintiffs' Amended Complaint Fails to Establish a Plausible Claim for Relief. ....... 10

    A.  Plaintiffs' allegations regarding Lowe's Notice being in two parts does not state a claim upon which relief can be granted. ............................................ 11

    B.  The Lowe's Notice sufficiently explains the procedures for electing coverage... 13

    C.  The Lowe's Notice provides the address to which payments should be sent....... 14

    D.  The Lowe's Notice includes information on prematurely losing COBRA coverage. ..................................................................................... 15

    E.  The Lowe's Notice provides all information required by 29 C.F.R. § 2590.606-4(b)(4)(vi). ............................................................................. 16

    F.  The Lowe's Notice identifies whom to contact regarding COBRA benefits. ...... 16

    G.  The Lowe's Notice is written in a manner calculated to be understood by the average plan participant. .................................................................. 19

  **CONCLUSION** ............................................................................................ 19

Defendant Lowe's Home Centers, LLC ("Lowe's" or "Defendant"), by undersigned counsel, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), respectfully moves for an order dismissing Plaintiffs' First Amended Complaint.[1] In support of its Motion, Defendant states as follows:

## INTRODUCTION

Plaintiffs have brought this lawsuit as a putative class action alleging that Lowe's failed to provide them with a compliant notice regarding continuing healthcare coverage in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). Am. Compl. ¶ 1. Plaintiffs do not allege that Lowe's failed to provide a COBRA notice or that the notice they did receive arrived late. They do not allege that they failed to understand the notice or that the notice in any way impacted their decision to forego continuation coverage. Nor do they suggest that, but for the notice, they would have elected COBRA coverage. Rather, identifying a laundry list of purported technical defects in the notice – none of which affected them – they contend that the notice was "deficient" and that they are entitled to monetary penalties as a result.

Plaintiffs' effort to conjure a claim cannot withstand scrutiny. First, Plaintiffs lack standing to bring this claim because they have not and cannot allege that they suffered a concrete injury in fact caused by Lowe's COBRA notice. As such, Plaintiffs' Amended Complaint should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(1). Second, Lowe's COBRA notice contains all of the information required for a valid COBRA notice, and it provided Plaintiffs sufficient

---

[1] Plaintiffs filed their original Complaint on October 31, 2019. Dkt. 1. Lowe's filed a Motion to Dismiss on December 23, 2019. Dkt. 14. Plaintiffs filed their Amended Complaint on January 6, 2020. Dkt. 19.

information to understand their COBRA rights.  Accordingly, Plaintiffs' Amended Complaint fails to state a plausible claim for relief and also should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6).

## **FACTUAL BACKGROUND**

Plaintiff Milton Robles is a former Lowe's employee who participated in Lowe's health insurance plan.  Am. Compl. ¶¶ 34, 36.  After Robles' employment was terminated, Lowe's caused a COBRA Enrollment Notice to be mailed to him.  *Id.* ¶ 38.  The eight-page notice provided Robles with highly individualized, detailed and explanatory information related to his and his family's right to continue their Lowe's health coverage, including the date their coverage would end if they did not enroll in continuation coverage, the dates of available continuation coverage (Dkt. 19-2 at 1–2),[2] the cost of the different coverage options, including medical, dental, and vision coverage (*id.* at 2–3), other coverage options (*id.* at 4), and a website and telephone number to use to enroll or obtain more information (*id.* at 1, 5).

Robles now concedes that he also received the document entitled "Important Information About Your COBRA Continuation Coverage."[3] Am. Compl. ¶ 38.  This second part of the notice is a seven-page document providing additional detailed information regarding COBRA continuation coverage, such as the duration of continuation coverage (Dkt. 19-3 at 2), possible

---

[2] Mr. Robles' COBRA Enrollment Notice is attached to the Amended Complaint as Exhibit B (Dkt. 19-2). Mr. Robles' notice is used as an exemplar for the notice received by the Plaintiffs in Plaintiffs' Amended Complaint and will be used as an exemplar in this Motion as well.

[3] Plaintiff did not attach this portion of the notice to his original Complaint, but does attach it to his Amended Complaint.

extensions of the coverage (*id.* at 3), how to elect COBRA continuation coverage (*id.* at 4), when and how payment can be made, including a mailing address for payments (*id.* at 4–5), when COBRA coverage would become effective (*id.* at 5), information on other, potentially less expensive, coverage options (*id*. at 5–7), and whom to contact with questions (*id.* at 7).

Despite the information in these documents (hereinafter "the Lowe's Notice"), Robles did not enroll in COBRA continuation coverage and thus alleges that he suffered an economic loss from the loss of insurance coverage.  Am. Compl. ¶ 42.

Plaintiff Dayra Rivera's allegations are similar to Robles' allegations.  Am. Compl. ¶¶ 45–56.

Plaintiffs claim that they lost health insurance due to the Lowe's Notice being deficient (Am. Compl. ¶¶ 42, 52), but they fail to allege how any of the allegedly missing information caused them not to enroll in COBRA continuation coverage.  For example, Plaintiffs do not allege how they failed to understand the Lowe's Notice or that they even sought answers to any questions they might have had through the website or phone number provided in the Lowe's Notice.  *See, generally,* Am. Compl. ¶¶ 34-56.  Instead, Plaintiffs baldly assert that they were "confused and misled," "failed to understand the notice," and  "could not make an informed decision about their health insurance," with absolutely no explanation as to why the alleged notice deficiencies prevented them from enrolling in COBRA coverage or from making an "informed decision." Am. Compl. ¶¶ 4, 12.

## <u>STANDARD OF REVIEW</u>

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the court's subject-matter jurisdiction and can be a facial attack or a factual attack on subject-matter jurisdiction.  *See*

*Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990).  "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true."  *Id.* at 1529.  Plaintiffs are required to prove that they have standing to bring their claims in federal court.  If Plaintiffs fail to plead necessary facts to establish standing, their lawsuit should be dismissed under Fed. R. Civ. P. 12(b)(1).  *See Case v. Miami Beach Healthcare Grp., Ltd*, 166 F. Supp. 3d 1315, 1318 (S.D. Fla. 2016).

A motion filed pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of a complaint.  Fed. R. Civ. P. 8(a)(2) provides, in pertinent part, that "[a] pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief."  The complaint need not have detailed factual allegations, but Fed. R. Civ. P. 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility means that a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).  It is, therefore, not enough for a plaintiff to allege facts demonstrating a "sheer possibility" or "mere[ ] consist[ency]" with unlawful conduct.  *Id*. (citing *Twombly*, 550 U.S. at 556–57).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  Where, as here, the

facts alleged do not establish a violation of the law there can be no plausible entitlement to relief and the complaint should be dismissed.

## ARGUMENT

### I.    Plaintiffs Lack Standing.

Plaintiffs' Amended Complaint should be dismissed for lack of constitutional standing.  In order to establish standing, Plaintiffs "must 'clearly … allege facts demonstrating'" that they have standing to assert their claims.  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (*quoting Warth v. Seldin*, 422 U.S. 490, 518 (1975)).  As the party invoking federal jurisdiction, Plaintiffs have the burden of establishing three necessary and independent elements:  that they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)); *Lewis v. Governor of Ala.*, No. 17-11009, 2019 U.S. App. LEXIS 36857, at *15–16 (11th Cir. Dec. 13, 2019).  The injuries Plaintiffs allege in the Amended Complaint fail to satisfy either the first requirement that Plaintiffs suffered "an injury in fact" or the second requirement that any injury be "fairly traceable" to the alleged technical deficiencies in the Lowe's Notice.  Accordingly, Plaintiffs lack standing and this case should be dismissed under Fed. R. Civ. P. 12(b)(1).

### A.    Plaintiffs' "informational injury" is not an injury in fact.

To establish an injury in fact, Plaintiffs must allege that they have experienced a "concrete and particularized" injury.  *Spokeo*, 136 S. Ct. at 1548.  Plaintiffs' allegation that the Lowe's Notice caused them an "informational injury" does not demonstrate that they have suffered any concrete injury from any alleged defect.  Am. Compl. ¶¶ 15, 44, 54.

The Supreme Court's recent decision in *Spokeo* makes clear that "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 136 S. Ct. at 1549. The plaintiff in *Spokeo* sued under the Fair Credit Reporting Act, alleging that a consumer reporting agency published false information about him and seeking statutory penalties of up to $1,000 per violation. *See id.*; 15 U.S.C. § 1681n(a). Vacating the Ninth Circuit's holding that the plaintiff sufficiently alleged injury, the Supreme Court rejected the view that a plaintiff satisfies the Article III injury requirement merely because "a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*, 136 S. Ct. at 1549. Rather, Article III requires a concrete injury that is "real, and not abstract." *Id.* at 1548 (internal quotations omitted). While acknowledging that Congress can create new rights, the Court held that a plaintiff cannot establish injury based on a "bare procedural violation, divorced from any concrete harm." *Id.* at 1549.

Consistent with *Spokeo*, courts within this Circuit have dismissed cases for lack of Article III standing where, as here, the plaintiff has alleged nothing beyond a bare procedural injury. In *Nicklaw v. CitiMortgage, Inc.*, for example, the plaintiff sued, alleging violation of a New York law that required the defendant to record a certificate of discharge after plaintiff paid off his mortgage, triggering statutory penalties. 839 F.3d 998, 1000 (11th Cir. 2016). He argued that he had suffered injury from deprivation of his statutory right to have the discharge notice timely recorded. *Id.* The court held that, even though the statute created a substantive right, the plaintiff had not suffered a concrete injury because he was not harmed when this right was violated. *Id.* at 1002. The delay in recording neither cost the plaintiff money nor lowered his credit score. *Id.* at 1003; *see also Zia v. CityMortgage, Inc.*, 2016WL 5369316 (S.D. Fla. Sept 26, 2016) (holding

that plaintiff failed to establish standing even though the defendant did not meet the procedural requirements resulting in statutory penalties).

Other appellate courts applying *Spokeo* in the ERISA context have not hesitated to affirm dismissals where plaintiffs failed to identify the precise harm resulting from an alleged statutory violation.  For instance, in *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 582 (6th Cir. 2016), the Sixth Circuit rejected the plaintiffs' argument that "by merely alleging a violation of ERISA rights, they satisfy their obligation under Article III."  The court held that the plaintiffs lacked standing because they "never show[ed] precisely what concrete harm they suffer[ed] as a result of Defendants' violations of their ERISA rights."  *Id.*  Similarly, on remand from the Supreme Court in light of *Spokeo*, the Fifth Circuit reinstated its decision in *Lee v. Verizon Commc'ns, Inc*., 837 F.3d 523, 530 (5th Cir. 2016), holding that the plaintiff lacked standing to sue under ERISA because he had not alleged any concrete harm.

Here, Plaintiffs claim that Lowe's injured them simply "by failing to provide all information in its notice required by COBRA."  Am. Compl. ¶¶ 15, 44, 54.  This so-called "informational injury" is nothing more than a bare procedural violation of the COBRA notice requirement that had no actual impact whatsoever.  Accordingly, Plaintiffs' claims based on that injury should be dismissed for lack of standing.

> **B.      Plaintiffs failed to sufficiently allege that their decision not to elect continuation coverage was caused by alleged deficiencies in the Lowe's Notice.**

In addition to "informational injury," Plaintiffs claim that they lost their health insurance and incurred medical bills "due to Lowe's deficient COBRA forms."  Am. Compl. ¶¶ 13–15, 42–43, 52–53.  These vague claims cannot save their Amended Complaint from dismissal on constitutional standing grounds because the allegations do not come close to establishing a causal

connection between any alleged deficiency in the Lowe's Notice and the alleged injury.  Although the "traceability" of a plaintiff's harm to the defendant's conduct need not rise to the level of proximate causation, *see Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 (2014), Article III does "require proof of a substantial likelihood that the defendant's conduct caused plaintiff's injury in fact."  *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1156 (10th Cir. 2005) (citations omitted).  Here, Plaintiffs' allegations do not show that their alleged injury is "fairly traceable to the challenged conduct of the Defendant."  *Spokeo*, 136 S.Ct. at 1547.

Plaintiffs fail to include any facts to show that any of the alleged deficiencies in the Lowe's Notice interfered with their ability to elect COBRA continuation coverage.  They fail to allege any facts showing how any of the alleged deficiencies prevented them from understanding their rights under COBRA or making an informed decision about continuation coverage.  Plaintiffs fail to draw any connection between the Lowe's Notice and their failure to obtain continuation coverage.  Plaintiffs' bare allegations that they were "confused" by or "did not understand" the notice and therefore were unable to elect COBRA continuation coverage (*see, e.g.,* Am.  Compl. ¶¶ 32) are not a sufficient substitute for factual allegations showing how a specific alleged deficiency actually prevented each Plaintiff from electing COBRA.

Indeed, as set forth in more detail below, the alleged deficiencies are non-existent and could not have prevented Plaintiffs from making an informed decision whether to elect coverage.  An examination of the Lowe's Notice attached to the Amended Complaint defeats any possible showing that Plaintiffs' failure to elect continuation coverage is fairly traceable to any alleged deficiency.  The portion of the notice attached as Exhibit B to the Amended Complaint (Dkt. 19-2) starts with clear direction as to how to enroll and the date by which to do so:

> **Action Needed!**
> You must enroll in COBRA health coverage by **July 20, 2019** on UPoint at www.mylowesbenefits.com or by calling the Lowe's Benefits Service Center at 1-844-HRLOWES. If you don't enroll, you'll lose this opportunity.

It then contains an explanation of the beneficiary's benefits continuation options and then gives the website and telephone number through which the beneficiary can obtain additional information:

### For More Information

 **Online**
UPoint
at www.mylowesbenefits.com

 **Phone**
8 a.m. to 8 p.m. Eastern Time, Monday through Friday
1-844-HRLOWES (1-844-475-6937) (United States)
+1-312-843-5251 (Outside the United States)
Generally, you'll have a shorter wait time if you call after Tuesday.

Plaintiffs do not and cannot plausibly allege that being told to enroll in COBRA coverage by calling the Lowe's Benefits Service Center or by going to its website caused them to decline COBRA coverage. They do not and cannot plausibly allege that having the payment mailing address and warning about what happens if payments are not timely made in only one of the two documents comprising the Lowe's Notice caused them to decline COBRA coverage. They do not and cannot plausibly allege that not identifying Lowe's third-party benefits administration services provider caused them to decline COBRA coverage. None of these, or the other alleged deficiencies in the notice, are plausible "causes"—not even remote or indirect ones—behind Plaintiffs' choice to decline coverage, and they fall far short of establishing the requisite causal connection for Article III's purposes. Accordingly, Plaintiffs' Amended Complaint should be dismissed for lack of standing.

## II.     Plaintiffs' Amended Complaint Fails to Establish a Plausible Claim for Relief.

Under ERISA, the plan administrator of an employer health plan is required to provide eligible participants with "written notice … of the[ir COBRA healthcare continuation] rights." 29 U.S.C. § 1166(a).  The statute defers to "regulations prescribed by the Secretary [of Labor]" to establish the details of the notice.  29 U.S.C. § 1166(a).  The notice requirements are set forth in 29 C.F.R. § 2590.606-4 (hereinafter "the Regulation"), which lists the information that must be contained in the notice and provides a model notice (hereinafter "Model Notice").  *See* 29 C.F.R. §§ 2590.606-4(b), 2590.606-4(g) and 2590.606-4 Appendix (2004), attached to Amended Complaint at Dkt. 19-1.  But, use of the Model Notice is expressly "not mandatory."  *See* 29 C.F.R. § 2590.606-4(g).

Under Eleventh Circuit law, the information contained in a COBRA notice must "be sufficient to permit the discharged employee to make an informed decision whether to elect coverage." *Scott v. SunCoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1230 (11th Cir. 2002); *see also Pierce v. Visteon Corp.*, 843 F. Supp. 2d 936, 940 (S.D. Ind. 2011) (listing authority supporting the proposition that "a good faith attempt to comply with a reasonable interpretation of the statute is sufficient to satisfy COBRA requirements.").  Technical deficiencies are not fatal and will not impose liability if the deficiencies "did not prevent [the plaintiff] from making a meaningful choice to continue her coverage." *Franks v. Cent. Garden and Pet Co.*, 2007 WL 2320624, at *6 (M.D. Ga. Aug. 10, 2007).

Plaintiffs' Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted because the Lowe's Notice includes all of the information required by the Regulation and closely tracks the Model Notice, in many instances

word-for-word.  Moreover, technical deficiencies, if any, are insufficient to impose liability if those deficiencies did not interfere with Plaintiffs' ability to make a meaningful choice about continuing coverage under COBRA.  *See Franks*, 2007 WL 2320624.  Accordingly, Plaintiffs' Amended Complaint fails to state any plausible entitlement to relief and should be dismissed as a matter of law.  *See Middlebrooks v. St. Coletta of Greater Wash.*, Inc., 2010 WL 3522084, at *3 (E.D. Va. Sept. 1, 2010) (holding that "[t]he Election Notice provides in substance the very disclosures Plaintiff's [claim] alleges it does not.  Therefore, Plaintiff's [claim] fails to state a claim upon which this Court could grant relief").

### A.    Plaintiffs' allegations regarding Lowe's Notice being in two parts does not state a claim upon which relief can be granted.

Throughout the Amended Complaint, Plaintiffs make much ado about the Lowe's Notice not being a single document, but rather has two parts:  one entitled "COBRA/Continuation Coverage Enrollment Notice" and another entitled "Important Information About Your Continuation Coverage Rights."  *See, e.g.,* Am. Comp. ¶ 33.  Importantly, Plaintiffs now admit in their Amended Complaint that they did receive both portions of the Lowe's Notice (Am. Compl. ¶¶ 33, 48), which were sent to them on the same day.  *See* Dkt. 19-2, 19-3 (both dated May 15, 2019).

Contrary to Plaintiffs' assertion (Am. Compl. ¶ 66), nothing in ERISA or the Regulation requires that the notice be in a single document.  *See* ERISA § 606; 29 C.F.R. § 2590.606-4(b)(4)(i–xiv).[4]  What is required is that it be written in a manner calculated to be understood by

---

[4] Plaintiffs claim that 29 C.F.R. § 2590.606-4(b)(4)(xii) "contemplates providing the statutorily required information in 'a' COBRA notice (singular) rather than in multiple documents …." Am. Compl. ¶ 66.  However, 29 C.F.R. § 2590.606-4(b)(4)(xii) mentions nothing about "a" notice, or that such notice cannot be in two documents.

the average plan participant and contain certain listed information.  29 C.F.R. § 2590.606-4(b)(4).

As explained by one court, all that is required is that a COBRA notice "be sufficient to enable the

discharged employee to make an informed and intelligent decision whether to elect continuation

coverage."  *Goodman v. Commercial Labor Servs., Inc.*, No. 98-CV-1816, 2000 WL 151997, at

*3 (N.D.N.Y. Feb. 11, 2000).  There is no reason that such a standard *ipso facto* requires a single

document.[5]

Further, Plaintiffs' claim that the Model Notice is a "single cohesive document" is an

overstatement of the case.  First, the Model Notice itself has three separate parts:  a part entitled

"Model COBRA Continuation Coverage Election Notice," a part entitled "COBRA Continuation

Coverage Election Form," and a part entitled "Important Information About Payment."  Dkt. 19-1.

Similarly, Lowe's Notice contains two parts: one entitled "COBRA Enrollment Notice" Dkt. 19-2.

and a part entitled "Important Information About Your COBRA Continuation Coverage Rights"

Dkt. 19-3.  Second, the Regulation is not only clear that use of the Model Notice is not mandatory,

it also explicitly requires that the Model Notice be appropriately modified and supplemented to

reflect applicable plan provisions.  29 C.F.R. § 2590.606-4(g).  Lowe's Notice has one part

containing individualized information and one part containing more general information; this

logical organization of information is not prohibited by the Regulation.

---

[5] The word "notice" simply means "[l]egal notification required by law or agreement, or imparted by operation of law as a result of some fact."  NOTICE, Black's Law Dictionary (11th ed. 2019).  Nothing in the definition of "notice" compels the conclusion that it be arbitrarily limited to a single document.

**B.      The Lowe's Notice sufficiently explains the procedures for electing coverage**.

The Regulation requires, "[a]n explanation of the plan's procedures for electing continuation coverage, including an explanation of the time period during which the election must be made, and the date by which the election must be made."  29 C.F.R. § 2590.606-4(b)(4)(v). Plaintiffs allege that the Lowe's Notice violates 29 C.F.R. § 2590.606-4(b)(4)(v) because the notice "never actually explains how to enroll in COBRA, nor does it bother including a physical election form."  Am. Compl. ¶¶ 31.a, 57–63.  But, contrary to Plaintiffs' assertion, the Lowe's Notice explains exactly how to enroll in COBRA and the time periods for doing so as required by subsection (v).  The Lowe's Notice explains:

> **Action Needed!**
> You must enroll in COBRA health coverage by **July 20, 2019** on UPoint at www.mylowesbenefits.com or by calling the Lowe's Benefits Service Center at 1-844-HRLOWES. If you don't enroll, you'll lose this opportunity.

Dkt. 19-2 at 1.

The Lowe's Notice further explains:

> **How Can You Elect COBRA Continuation Coverage?**
> COBRA enrollment elections must be made within **60 days** of the date that coverage is lost or within **60 days** of the statement date on the COBRA Enrollment Notice you receive, whichever is later. If you don't act within this time frame, you and your eligible dependent(s) will lose the opportunity for COBRA coverage.
>
> To elect continuation coverage, you must call the Lowe's Benefits Service Center at **1-844-HRLOWES** by the enrollment deadline provided on the COBRA Enrollment Notice.

Dkt. 19-3 at 4.

Thus, the Lowe's Notice clearly informed Plaintiffs of the period during which their election must be made, the date by which their election must be made, and that, in order to elect coverage, they needed to contact the Lowe's Benefits Service Center at the toll-free phone number

provided or through the website (at the URL provided).  These plain, unambiguous instructions meet the requirements of 29 C.F.R. § 2590.606-4(b)(4)(v).

Plaintiffs complain that the Lowe's Notice does not provide a physical election form and only directs participants to a "general" or "catch-all" phone number and website.  But nothing in Regulation requires a physical election form or a dedicated COBRA continuation coverage phone number or website.  *See* 29 C.F.R. § 2590.606-4(b)(4)(v).  Moreover, Plaintiffs fail to allege that the lack of a paper election form or the "generic" phone number interfered with their ability to elect coverage.  Although they suggest that some beneficiary might not be able to figure out how to enroll through the website or by calling the 1-800 number, they never actually allege that they or anyone else tried to enroll through the website or called the number and were not able to figure it out.  The Lowe's Notice provides the information required by the Regulation and the fact that someone might not understand it does not render it deficient.  *See Valdivieso v. Cushman & Wakefield, Inc.,* No. 8:17-cv-118-T-23JSS, 2017 WL 2191053, at *1 (M.D. Fla. May 18, 2017) (concluding that "[a]lthough [Plaintiffs] might not have understood the notice … [i]nsufficient facts support the conclusory statement that an 'average' plan participant cannot understand the notice").

**C.    The Lowe's Notice provides the address to which payments should be sent.**

Plaintiffs allege that the Lowe's Notice violates 29 C.F.R. § 2590.606-4(b)(4)(xii) because it fails to include an address indicating where COBRA payments should be mailed.  Am. Comp. ¶¶ 31.b, 64–69.  Contrary to Plaintiffs' assertion, the Lowe's Notice specifically provides the address to which payments should be mailed.  Under the bolded heading of "**When and How Must Payment for COBRA Continuation Coverage Be Made?**" the Lowe's Notice states that:

14

Payments should be sent to:

LOWE'S
PO BOX 3714
CAROL STREAM IL 60132-3714

Dkt. 19-3 at 4.  As discussed in subsection A, *supra*, the fact that this information was in a separate

document—which Plaintiffs acknowledge that they received—is wholly immaterial.

> **D.** **The Lowe's Notice includes information on prematurely losing COBRA coverage.**

Plaintiffs allege that the Lowe's Notice violates 29 C.F.R. § 2590.606-4(b)(4)(xii) because

it fails to include information stating that a participant may prematurely lose COBRA coverage

"(if, for instance, the participant becomes covered under another group health plan, becomes

Medicare eligible or fails to make timely payment)."  Am. Comp. ¶¶ 31.d, 70–72.  But, contrary

to Plaintiffs' assertion, the Lowe's Notice warns that:

Continuation coverage will be terminated before the end of the maximum period if:

- Any required premium is not paid in full on time;
- A qualified beneficiary becomes covered, after electing continuation coverage, under another group health plan;
- A qualified beneficiary becomes entitled to Medicare benefits (under Part A, Part B, or both) after electing continuation coverage; or
- The employer ceases to provide any group health plan for its employees.

Continuation coverage may also be terminated for any reason Lowe's plan would terminate coverage of a participant or beneficiary not receiving continuation coverage (such as fraud).

Dkt. 19-3 at 2.  This is significantly more information than the Model Notice provides; it merely

states: "Continuation coverage may end before the date noted above in certain circumstances, like

failure to pay premiums, fraud, or the individual becomes covered under another group health

plan." Dkt. 19-1 at 2.

E.     **The Lowe's Notice provides all information required by 29 C.F.R. § 2590.606-4(b)(4)(vi).**

Plaintiffs allege that the Lowe's Notice violates 29 C.F.R. § 2590.606-4(b)(4)(vi) because "it fails to provide the required explanatory information."  Am. Compl. ¶¶ 31.e, 73, 74. This subsection of the Regulation generally requires an explanation of the consequences of failing to elect continuation coverage, 29 C.F.R. § 2590.606-4(b)(4)(vi), which the Lowe's Notice clearly does, including by warning the participant that, if he fails to act within the required time frame, "you and your eligible dependent(s) will lose the opportunity for COBRA coverage."  *See* excerpt quoted in subsection B, *supra*.  Plaintiffs do not specifically identify any information contained in the Model Notice that is not in the Lowe's Notice. And, as demonstrated in the attached exhibit and discussed elsewhere, the Lowe's Notice contains all of the information in, and closely tracks the Model Notice, in many instances almost word-for-word.  *See* Exhibit A, Comparison of the Model COBRA Continuation Coverage Election Notice to the Lowe's Notice.

F.     **The Lowe's Notice identifies whom to contact regarding COBRA benefits.**

Plaintiffs allege that the Lowe's Notice violates 29 C.F.R. § 2590.606-4(b)(4)(i) because it fails to "provide the name, address and telephone number of the party responsible under the plan for administration of continuation coverage benefits, including as to both the Plan Administrator and COBRA Administrator."  Am. Compl. ¶¶ 31.c, 75–78.  As a threshold matter, neither 29 C.F.R. § 2590.606-4(b)(4)(i) nor any other subpart of the COBRA regulations requires that a COBRA election notice identify the "Plan Administrator."  What 29 C.F.R. § 2590.606-4(b)(4)(i) does require is that the COBRA notice identify "the party responsible under the plan for the administration of continuation coverage benefits."  *Id.*  In this case, Lowe's is the responsible party and is clearly identified in the Lowe's Notice, together with contact information for the "Lowe's

Benefits Service Center" via telephone (1-844-HRLOWES) and a website (www.mylowesbenefits.com) repeated multiple times in the Lowe's Notice, often in bold. *See, generally,* Dkt. 19-2, 19-3.

In every instance where the Model Notice references the "party responsible for COBRA administration," the Lowe's Notice identifies the Lowe's Benefits Service Center, as shown in more detail below (highlighted for the Court's convenience):

| Model COBRA Continuation Coverage Election Notice | Lowe's Notice |
| --- | --- |
| **Can I extend the length of COBRA continuation coverage?**<br><br>If you elect continuation coverage, you may be able to extend the length of continuation coverage if a qualified beneficiary is disabled, or if a second qualifying event occurs. You must notify [*enter name of party responsible for COBRA administration*] of a disability or a second qualifying event within a certain time period to extend the period of continuation coverage. If you don't provide notice of a disability or second qualifying event within the required time period, it will affect your right to extend the period of continuation coverage.<br><br>(Dkt. 19-1 at 2) | **How Can You Extend the Length of COBRA Continuation Coverage?**<br><br>If you elect continuation coverage, an extension of the maximum period of coverage may be available if a qualified beneficiary is disabled or a second qualifying event occurs. You must notify the Lowe's Benefits Service Center of a disability or a second qualifying event in order to extend the period of continuation coverage. Failure to provide notice of a disability or second qualifying event may affect the right to extend the period of continuation coverage.<br><br>(Dkt. 19-3 at 3) |
| **For more information**<br><br>This notice doesn't fully describe continuation coverage or other rights under the Plan. More information about continuation coverage and your rights under the Plan is available in your summary plan description or from the Plan Administrator.<br><br>If you have questions about the information in this notice, your rights to coverage, or if you want a copy of your summary plan description, contact [*enter name of party responsible for* | **Questions?**<br><br>This notice does not fully describe continuation coverage or other rights under Lowe's plan. More information about continuation coverage and your rights under Lowe's plan is available in your Summary Plan Description or from the Lowe's Benefits Service Center.<br><br>If you have any questions concerning the information in this notice or your rights to coverage, you should contact the Lowe's |

17

| Model COBRA Continuation Coverage Election Notice | Lowe's Notice |
|---|---|
| *COBRA administration for the Plan, with telephone number and address*].<br><br>(Dkt. 19-1 at 5) | Benefits Service Center at **1-844-HRLOWES**. If you want a copy of your summary plan description, contact Lowe's.<br><br>(Dkt. 19-3 at 7) |
| **Important Information About Payment**<br><br>*First payment for continuation coverage*<br><br>You must make your first payment for continuation coverage no later than 45 days after the date of your election (this is the date the Election Notice is postmarked).  If you don't make your first payment in full no later than 45 days after the date of your election, you'll lose all continuation coverage rights under the Plan.  You're responsible for making sure that the amount of your first payment is correct.  You may contact [*enter appropriate contact information, e.g., the Plan Administrator or other party responsible for COBRA administration under the Plan*] to confirm the correct amount of your first payment.<br><br>(Dkt. 19-1 at 7) | **When and How Must Payment for COBRA Continuation Coverage Be Made?**<br><br>**First Payment for Continuation Coverage**<br><br>If you elect continuation coverage, you do not have to send any payment at the time you enroll.  However, you must make your first payment for continuation coverage not later than 45 days after the date of your election.<br><br>If you do not make your first payment for continuation coverage, in full, not later than 45 days after the date of your election, you will lose all continuation coverage rights under Lowe's plan.  You are responsible for making sure that the amount of your first payment is correct.  You will receive a Billing Notice confirming the amount of the payment. Contact the Lowe's Benefits Service Center at **1-844-HRLOWES** if you have questions about your first payment.<br><br>(Dkt. 19-3 at 4–5) |

Plaintiffs do not allege that the contact information for the Lowe's Benefits Service Center is incorrect.  Nor do they allege that the Lowe's Benefits Service Center was not really the place participants should contact for all benefits administration functions, such as to enroll in COBRA continuation coverage, to provide notice of a disability or second qualifying event, to obtain a copy of the summary plan description, to ask questions about payments, to get answers to questions concerning the notice or about continuation coverage, or to do anything else for which the Lowe's Notice advises participants to contact the Lowe's Benefits Service Center.  Thus, not surprisingly,

18

Plaintiffs fail to allege in their Amended Complaint what information "critical" to Plaintiffs' ability to make an informed decision whether to elect continuation coverage was missing from Lowe's Notice.

### G.   The Lowe's Notice is written in a manner calculated to be understood by the average plan participant.

Plaintiffs allege that the Lowe's Notice violates 29 C.F.R. § 2590.606-4(b)(4) because "Defendant has failed to provide a notice written in a manner calculated to be understood by the average plan participant."  Am. Compl. ¶¶ 31.f, 79.  To the extent that this allegation is simply cumulative of the arguments made with respect to the other purported violations, this claim fails because, as shown above, the other purported violations simply do not exist.  To the extent Plaintiffs mean to allege that something in Lowe's Notice is not written in a manner calculated to be understood by the average plan participant, the Amended Complaint fails to state a claim because it does not identify with any specificity any problematic language, which is not surprising given that the Lowe's Notice closely tracks the Model Notice in how terms and concepts are phrased.  Even in the context of a motion to dismiss, such bald and conclusory statements should not be accepted.  *See Iqbal*, 556 U.S. at 662 (stating that "the tenet that a court must accept a complaint's allegations as true is inapplicable to … mere conclusory statements").

## <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that its Motion be granted, that Plaintiffs' Amended Complaint be dismissed with prejudice, that Defendant be awarded its costs in this action including its reasonable attorneys' fees, and that the Court grant such other and further relief to Defendant as it deems appropriate.

19

Dated: January 21, 2020.

McGuireWoods LLP

*/s/ Cameron G. Kynes*
Cameron G. Kynes
Florida Bar No. 0116711
50 North Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone:  (904) 798-3411
Facsimile:   (904) 360-6335
ckynes@mcguirewoods.com

Bruce M. Steen (admitted *pro hac vice*)
McGuireWoods LLP
201 N. Tryon Street, Ste. 3000
Charlotte, NC 28202
Telephone:  (704) 353-6244
Facsimile:  (704) 353-6200
bsteen@mcguirewoods.com

Elena D. Marcuss (admitted *pro hac vice*)
McGuireWoods LLP
500 East Pratt Street, Suite 1000
Baltimore, MD 21202
Telephone:  (410) 659-4454
Facsimile:  (410) 659-4547
emarcuss@mcguirewoods.com

*Trial Counsel for Defendant Lowe's
Home Centers, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY hereby certify that on January 21, 2020, a true copy of the foregoing

was filed with the Court using the CM/ECF system, which will send notice to the following:

Luis A. Cabassa, Esq.
Brandon J. Hill, Esq.
Wenzel Fenton & Cabassa, P.A.
1110 N. Florida Avenue, Suite 300
Tampa, FL 33602
lcabassa@wfclaw.com
bhill@wfclaw.com
rcooke@wfclaw.com

*Counsel for Plaintiffs*

*/s/ Cameron G. Kynes*
Attorney

126023756

21