IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MILTON ROBLES and DAYRA RIVERA,

    Plaintiffs,

CASE NO.:  8:19-cv-2713-T-02AAS

v.

LOWE'S HOME CENTERS, LLC,

    Defendant.

_____/

**DEFENDANT LOWE'S HOME CENTERS, LLC'S REPLY IN SUPPORT
OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Lowe's Home Centers, LLC ("Lowe's"), submits the following Reply in Support of its Motion to Dismiss Plaintiffs' First Amended Complaint:

**I.  Plaintiffs Lack Standing.**

    **A.  Plaintiffs' "informational injury" is not an injury in fact.**

Plaintiffs cannot simply plead "informational injury" and *ipso facto* establish Article III standing, which is precisely what Plaintiffs attempt to do.[1]  Indeed, in Plaintiffs' Response to Lowe's Motion to Dismiss ("Response"), they claim that Defendant's alleged failure to provide proper notice is "enough to confer standing without any additional showing of harm." Dkt. 26, p. 10.  Not so.  As this Court recently affirmed in *Jones v. Salvation Army*, No. 3:18-CV-804-J-32JRK, 2019 WL 6051437, at *9 (M.D. Fla. Nov. 15, 2019), "[A] constitutionally cognizable informational injury requires that a person lack access to information to which [s]he is legally

---

[1] *See, e.g.,* Am. Compl. ¶¶ 15, 44, and 54.

1

entitled <u>and</u> that the denial of that information creates a 'real' harm with an adverse effect." (internal quotations omitted).

Plaintiffs erroneously rely on *Bryant v. Wal-Mart Store, Inc.*, *Vazquez v. Marriott Int'l, Inc.*, and *Delaughter v. ESA Mgmt., LLC* to support the notion that mere "informational injury" confers standing. Contrary to their contention, in *Bryant v. Wal-Mart Store, Inc.*, No. 16-24818-CIV, 2019 WL 3542827 (S.D. Fla. Apr. 18, 2019), the Court explicitly did not "determin[e] whether Plaintiff's alleged 'informational injury' is sufficient to confer standing in and of itself…." *Id.* at * 3. Similarly, in *Vazquez v. Marriott Int'l, Inc.*, No. 8:17-CV-116-T-35MAP, 2017 WL 6947455 (M.D. Fla. Aug. 25, 2017), the Court did not address whether "informational injury" was sufficient. Plaintiffs reliance on *Delaughter v. ESA Mgmt., LLC*, No. 8:16-CV-3302-MSS-AEP, 2018 WL 7349251 (M.D. Fla. Mar. 20, 2018) (unpublished), also is misplaced. In *Delaughter* the Court found "concrete and tangible injuries," and thus its discussion of "informational injury" was cursory. It first noted that "the Eleventh Circuit has held that an injury in fact *may* exist when a statutorily created right to receive certain information has been violated." *Id.* at *2 (emphasis added). Then, without discussion, the Court concluded that the plaintiff's "informational injury" was "sufficient to establish standing" in that case. Presumably, the Court's conclusion relied on the fact that it also found that the "informational injury" caused "concrete and tangible injuries."

When a statutorily created right to receive certain information has been violated, an injury in fact only exists where the plaintiff alleges: "(1) that it has been deprived of information that, on its interpretation, a statute requires the government or a third party to disclose to it, and (2) it suffers, by being denied access to that information, the type of harm Congress sought to prevent by requiring disclosure." *Friends of Animals v. Jewel*, 828 F.3d 989, 992 (D.C. Cir. 2016).

The purpose of COBRA is "to afford employees who lose their job in a partial layoff continuation medical coverage at approximately the group rate." *Local 217, Hotel & Rest. Employees Union v. MHM, Inc.*, 976 F.2d 805, 809 (2d Cir. 1992); 29 U.S.C.A. § 1161. The purpose of COBRA is not to provide information or require disclosures. Thus, mere denial of proper notice does not constitute an injury in fact under COBRA.

Plaintiffs note that the "Eleventh Circuit recently applied [*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)] in *Church v. Accrective Health, Inc.*, 654 Fed. App'x 990 (11th Cir. 2016) to a suit brought under the [Fair Debt Collection Practices Act (FDCPA)]." Dkt. 26, p. 10. Indeed, *Church* is instructive. In *Church*, the Court held that the defendant's failure to include required disclosures in a debt collections communication was an injury in fact because the purpose of the FDCPA was to ensure that very type of disclosure in the first place. *Id.* at 990, 991. COBRA was not enacted to ensure access to information. Instead, COBRA was enacted in order to provide temporary continuation coverage to qualified beneficiaries. *See* Consolidated Omnibus Budget Reconciliation Act of 1986, Pub.L. No. 99–272, 100 Stat. 82, 227 (describing COBRA as a "temporary extension of coverage at group rates"). The purpose of the COBRA notice is merely to inform the recipient of the COBRA right to continuation coverage; the notice itself is not the "right" COBRA was enacted to protect.

In this way, the instant case is analogous to *Meeks v. Ocwen Loan Servicing LLC*, 681 F. App'x 791, 793 (11th Cir. 2017), in which the Court found the plaintiff suffered only a "bare procedural violation" insufficient for Article III standing when he alleged that Ocwen failed to provide him a written response acknowledging recipient of his request for information in violation of the Real Estate Settlement Procedures Act. *See also Zia v. CitiMortgage, Inc.*, 210 F. Supp. 3d

1334 (S.D. Fla. 2016) (plaintiff lacked Article III standing to pursue claim for statutory penalties based on alleged failure to record satisfaction of mortgage within statutory time period); *Nicklaw v. City Mortgage, Inc.*, 839 F.3d 998, 1000 (11th Cir. 2016) (holding that the plaintiff had not suffered a concrete injury even though the defendant had committed a procedural violation that triggered statutory penalties). Here, as in *Meeks*, Plaintiffs' alleged "informational injury" is not an injury in fact, but is a "bare procedural violation" insufficient to establish Article III standing.

> **B.    Plaintiffs' alleged "economic injury" is insufficient to establish standing because Plaintiffs failed to sufficiently allege that their decision not to elect continuation coverage was caused by alleged deficiencies in the Lowe's Notice.**

Plaintiffs' allegations draw no causal connection between some alleged deficiency in the Lowe's Notice and Plaintiffs' failure to elect COBRA continuation coverage. They claim they were "confused," but they don't explain how or why. Am. Compl. ¶ 32. A vague appeal to "confusion" is not sufficient to establish Article III standing. *See Jones v. Salvation Army*, No. 3:18-CV-804-J-32JRK, 2019 WL 6051437, at *8 (M.D. Fla. Nov. 15, 2019) (finding no standing where "the conclusory allegation that Jones was confused by the Disclosure Form is contradicted by the form itself, which clearly and conspicuously explains what information The Salvation Army may obtain"). Plaintiffs' bare allegations do not show that their alleged injury is "fairly traceable to the challenged conduct of the Defendant." *Spokeo*, 136 S.Ct. at 1547.

Plaintiffs rely on *Vazquez v. Marriott Int'l, Inc.*, No. 8:17-CV-116-T-35MAP, 2017 WL 6947455, at *2 (M.D. Fla. Aug. 25, 2017). In that case, the Court identified the argument it would address—"Specifically, Defendant asserts that Plaintiff has not articulated any harm resulting from the alleged deficient notice…." *Id.* The Court rejected this argument because the plaintiff alleged that "she suffered the loss of insurance coverage due to the deficiency in the notice" and incurred

4

significant medical bills as a result of the loss of insurance." *Id.* The Court did not address the argument—made here by Lowe's—that the allegations do not show the alleged injury was "fairly traceable to the challenged conduct of the Defendant." Perhaps the Court felt no need to address that argument in *Vazquez*, because there the traceability was obvious—the plaintiff claimed the notice was in English and she could only read Spanish.

Here, traceability is not obvious. Indeed, it is completely absent from Plaintiffs' pleading. Plaintiffs fail to allege any facts showing how any of the alleged deficiencies prevented them from understanding their rights under COBRA or making an informed decision about continuation coverage. Accordingly, Plaintiffs' Amended Complaint should be dismissed for lack of standing.

II. **The Lowe's Notice Complies with ERISA as a Matter of Law, and thus Plaintiffs' Amended Complaint Fails to Establish a Plausible Claim for Relief**

As discussed in Defendant's Motion to Dismiss, the Lowe's Notice, like the Model, has two parts: one entitled "COBRA/Continuation Coverage Enrollment Notice" and another entitled "Important Information About Your Continuation Coverage Rights." The first part contains individualized information and the second part contains more general information. Plaintiffs admit in their Amended Complaint that they received both portions of the Lowe's Notice (Am. Compl. ¶¶ 33, 48), which were sent to them on the same day. *See* Dkt. 19-2, 19-3 (both dated May 15, 2019). And, yet, the Response asks this Court to ignore the portion of the Lowe's Notice that provides general information about continuation coverage rights.

Plaintiffs cite to no case that has held or even suggested that a two-part notice is contrary to the statute or the regulation. In fact, case law affirms that all COBRA requires is that the notice "be sufficient to enable the discharged employee to make an informed and intelligent decision

5

whether to elect continuation coverage." *Goodman v. Commercial Labor Servs., Inc.*, No. 98-CV-1816, 2000 WL 151997, at *3 (N.D.N.Y. Feb. 11, 2000). The Lowe's Notice does just that.

### A. The Lowe's Notice includes an address for payment.

The portion of the Lowe's Notice entitled "Important Information About Your Continuation Coverage Rights" includes an address for payment. As such, Plaintiffs' analogy to *Valdivieso v. Cushman & Wakefield, Inc.*, No. 8:17-CV-118-T-23JSS, 2017 WL 2191053, at *2 (M.D. Fla. May 18, 2017), is inapposite, because there the notice said that "monthly invoices will provide a remittance address" and that "[a]dditional information about payment will be provided to you after the election form is received." *Id*. The Lowe's Notice includes the address for payment.

### B. The Lowe's Notice sufficiently identifies the party responsible for the administration of continuation coverage.

As explained in Lowe's Motion to Dismiss, the Lowe's Notice identifies Lowe's as the party responsible for the administration of continuation coverage benefits and informs the beneficiary how to contact it for information about continuation coverage via telephone (1-844-HRLOWES) and a website (www.mylowesbenefits.com). In a prime example of elevating form over function, Plaintiffs argue that the Notice is deficient because it does not provide the formal corporate name of the Plan Administrator or the corporate address of 1000 Lowe's Blvd, Mooresville, NC 28117. But, Plaintiffs do not, because they cannot, explain how that additional information would aid them in making a coverage decision, which is at the core of the COBRA notice requirement. *See Scott v. SunCoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1230 (11th Cir. 2002) ("The notice must be sufficient to permit the discharged employee to make an informed decision whether to elect coverage.").

They also argue that the identity of the Plan Administrator is "absolutely critical" because the plan administrator bears the burden of proving that the notice was adequate in a lawsuit; according to Plaintiffs, "avoiding or not actually including in the election notice exactly who is the Plan Administrator is something a company like Defendant might do to avoid the burden of proving that adequate COBRA notification is/was given to its employees." Dkt. 26, p. 15–16. But, this argument is a non-sequitur because Plaintiffs fail to explain how identifying the formal corporate name and corporate address would advance the goal of ensuring beneficiaries can make an informed choice, and Plaintiffs have not and cannot credibly allege that Defendant is trying to avoid its obligations vis-à-vis its employees, particularly given that it identifies Lowe's as the responsible party throughout in the Notice.[2] Plaintiffs' reliance on *Bryant v. Wal-Mart Store, Inc.*, No. 16-24818-CIV, 2019 WL 3542827 (S.D. Fla. Apr. 18, 2019), also is misplaced because Plaintiffs' counsel alleged in that case that the problem was that WalMart's notice identified its COBRA Administrator rather than WalMart. *Id.* at *4–5. Those facts do not exist here.[3]

---

[2] Plaintiffs erroneously cite *Griffin v. Neptune Tech. Grp.*, No. 2:14CV16-MHT, 2015 WL 1635939, at *9 (M.D. Ala. Apr. 13, 2015), for this proposition. Contrary to Plaintiffs' contention, the *Griffin* court did not find that identifying the Plan Administrator in the COBRA notice is "absolutely critical." Indeed, the identity of the Plan Administrator was not at issue in *Griffin*; the court found that "[o]ut of the 14 categories in 29 C.F.R. § 2590.606–4, the notice completely omits nine," of which failure to identify the plan administrator was not one. *Id*. at *11.

[3] The Court's decision in *Bryant* also contradicts Plaintiffs' argument that Lowe's should have identified Alight Solutions in its COBRA notice. Dkt. 26, p. 16. And, their reliance on *Gilbert v. Suntrust Banks, Inc.*, No. 15-80415-CIV, 2015 WL 11660244 (S.D. Fla. Sept. 18, 2015), is not persuasive because, while the Court denied the defendant's motion to dismiss, it did so in a cursory fashion that does not advance the discussion.

### C.   The Lowe's Notice sufficiently explains the procedures for electing coverage.

Plaintiffs claim the Lowe's Notice does not explain how to enroll in COBRA. Dkt. 26, p. 18–19.  In fact, as described in Lowe's Motion to Dismiss (*see* Dkt. 22, p. 13–14), the Lowe's Notice explains exactly how to enroll in COBRA and the time periods for doing so.

Plaintiffs cite *Griffin* for the notion that the Lowe's Notice is deficient because it "has no election form." Dkt. 26, p. 19.  In fact, nothing in the Regulation requires a physical election form. *See* 29 C.F.R. § 2590.606-4(b)(4)(v).  And *Griffin* does not hold otherwise.  In *Griffin*, the notice told "the reader that the election form must be returned within 60 days of the date of the letter and instruct[ed] the reader to 'follow the instructions on the next page to complete the Enclosed Election form.'" *Griffin*, 2015 WL 1635939, at *12.  But "the instruction page was not included…. Accordingly, the letter fail[ed] to explain adequately the plan's procedures for electing coverage." *Id*.

### D.   The Lowe's Notice provides all information required by the statute and regulations and is written in a manner calculated to be understood by the average plan participant.

Plaintiffs' Response includes two catch-all sections claiming that Lowe's has committed "additional violations" and has not provided notice "written in a manner calculated to be understood by the average plan participant." Dkt. 26, p. 19–20.  Nothing in these sections raises any argument or issue not fully addressed in Lowe's Motion to Dismiss.

### **CONCLUSION**

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that its Motion be granted, that Plaintiffs' Amended Complaint be dismissed with prejudice, that Defendant be

awarded its costs in this action including its reasonable attorneys' fees, and that the Court grant such other and further relief to Defendant as it deems appropriate.

Dated: February 11, 2020

                                                                                  McGuireWoods LLP

                                                                                  */s/ Cameron G. Kynes*
                                                                                  Cameron G. Kynes
Florida Bar No. 0116711
50 North Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone:  (904) 798-3411
Facsimile:   (904) 360-6335
ckynes@mcguirewoods.com

Bruce M. Steen (admitted *pro hac vice*)
McGuireWoods LLP
201 N. Tryon Street, Ste. 3000
Charlotte, NC 28202
Telephone:  (704) 353-6244
Facsimile:   (704) 353-6200
bsteen@mcguirewoods.com

Elena D. Marcuss (admitted *pro hac vice*)
McGuireWoods LLP
500 East Pratt Street, Suite 1000
Baltimore, MD 21202
Telephone:  (410) 659-4454
Facsimile:   (410) 659-4547
emarcuss@mcguirewoods.com

*Trial Counsel for Defendant Lowe's Home Centers, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY hereby certify that on February 11, 2020, a true copy of the foregoing was filed with the Court using the CM/ECF system, which will send notice to the following:

Luis A. Cabassa, Esq.
Brandon J. Hill, Esq.
Wenzel Fenton & Cabassa, P.A.
1110 N. Florida Avenue, Suite 300
Tampa, FL 33602
lcabassa@wfclaw.com
bhill@wfclaw.com
rcooke@wfclaw.com

*Counsel for Plaintiffs*

/s/ Cameron G. Kynes
Attorney