UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MILTON ROBLES and DAYRA
RIVERA, individually and on
Behalf of all others similarly situated,

    Plaintiffs,

v.                                                 Case No. 8:19-cv-2713-T-02AAS

LOWE'S HOME CENTERS, LLC,

    Defendant.
_____/

## **ORDER**

This matter comes to the Court on a Motion to Dismiss filed by the Defendant, Lowe's Home Centers, LLC. Dkt. 22. Plaintiffs, Milton Robles and Dayra Rivera, responded to this motion, Dkt. 26, to which Defendant replied, Dkt. 27. The Court denies the Defendants' Motion to Dismiss. Dkt. 22. The Court permits discovery to proceed on the two individual plaintiffs' cases, but not class discovery at this time. Class issues will be addressed on a later schedule set by the Court. The individual cases must be adjudicated and pass the summary judgment stage before class matters are taken up.

## BACKGROUND

On October 31, 2019, Plaintiffs filed a Complaint against Defendant for violating the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). Dkt. 1. Plaintiffs later amended their complaint. Dkt. 19. In the Amended Complaint, Plaintiffs contend that Defendant violated ERISA by failing to provide them with a sufficient COBRA notice, causing Plaintiffs to lose insurance coverage and incur significant medical bills. Dkt. 19. Defendant moves to dismiss the Amended Complaint, contending that Plaintiffs lack standing and have failed to state a plausible claim under ERISA. Dkt. 22.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted). When considering a Rule 12(b)(6) motion, the Court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the

complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

## DISCUSSION

Defendant offers two arguments for dismissing the Amended Complaint. First, Defendant argues that Plaintiffs lack standing by alleging a purely information injury and an injury not fairly traceable to Defendant's conduct. Defendant further argues that Plaintiffs fail to state a plausible claim because the COBRA notice complies with the requirements of ERISA, COBRA, and relevant regulations. The Court will address each of these concerns in turn.

1. <u>Standing</u>

To begin with, Plaintiffs have the burden of proving that they have Article III standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To do that, Plaintiffs must allege sufficient facts to establish that they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citation omitted). "[A]t the pleading stage, [Plaintiffs] must 'clearly . . . allege facts demonstrating' each element." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

Plaintiffs base their case on allegations of deprivation of information required under COBRA (an informational injury) and "lost insurance benefits and

3

medical bills" (an economic injury). Defendant argues that an information injury is insufficient to allege an injury in fact and that Plaintiffs' economic injury is not fairly traceable to any alleged defects in the COBRA notice.

For an informational injury, "a plaintiff must [still] show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "[A] plaintiff who alleges a violation of a statutory right to receive information alleges a concrete injury." *Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998, 1002 (11th Cir. 2016) (citing to *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 20–25 (1998)). That said, the statutory right must concern something more than "a bare procedural violation, divorced from any concrete harm[.]" *Spokeo*, 136 S. Ct. at 1549; *see, e.g.*, *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982) (finding standing under the Fair Housing Act for a plaintiff who did not receive required disclosures by the defendant because the statute "establishes an enforceable right to truthful information concerning the availability of housing").

Plaintiffs avoid entirely relying on the somewhat ephemeral notion of "informational injury." They also allege facts showing they suffered a specific economic injury fairly traceable to Defendant's allegedly deficient COBRA notice. Plaintiffs allege that the deficient notice caused "economic injuries in the form of

4

lost health insurance and unpaid medical bills[.]" Dkt. 19 ¶ 4. This is plainly an injury in fact. But Defendant argues that this injury is not fairly traceable to the allegedly deficient COBRA notice. That remains to be seen in discovery, which should go forward on the two individual plaintiffs' claims.

The causation element of Article III standing requires "a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1265 (11th Cir. 2011) (quoting *Lujan*, 504 U.S. at 560). Defendant argues that while Plaintiffs allege deficiencies in the COBRA notice, they fail to allege how those deficiencies caused Plaintiffs to "not understand the notice" in a way that caused them to be "unable to elect COBRA." Dkt. 19 ¶ 32. "This argument confuses weakness on the merits with absence of Article III standing." *Davis v. United States*, 564 U.S. 229, 249 n.10 (2011). As noted below, whether the COBRA notice was deficient in a way that impacted Plaintiffs' ability to get health insurance is an issue inappropriate for resolution at this stage of the litigation.

Much like the Plaintiff in *Delaughter v. ESA Mgmt., LLC*, Plaintiffs allege deficiencies in the COBRA notice prevented them from being able to access COBRA coverage. 2018 WL 7349251, at *2 (holding that allegations of loss of

5

COBRA coverage were "sufficient to state a plausible claim of injury in fact traceable to the allegedly defective COBRA notice as required to confer standing upon the Plaintiff"). Plaintiffs allege that "the notice itself never actually explains how to enroll in COBRA, nor does it bother including a physical election form" and that the COBRA noticed lacked information like the "explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act[.]" Dkt. 19 ¶¶ 31a & e. These are more than conclusory allegations and are sufficient to allege causation for standing and Rule 12(b)(6) purposes. *See Jones v. Salvation Army*, No. 3:18-CV-804-J-32JRK, 2019 WL 6051437, at *8 (M.D. Fla. Nov. 15, 2019) (finding no standing when the plaintiff "merely relies on conclusory and contradictory allegations that she was confused"). Since Plaintiffs have adequately alleged injury-in-fact, causation, and redressability (uncontested by the parties), there is standing to proceed to the merits of the individual claims.

2. Merits

Defendant argues that Plaintiffs' Amended Complaint fails to state a claim because the COBRA notice sent to Plaintiffs "includes all of the information required by the Regulation" and any missing information is a *de minimis* "technical

6

deficienc[y]." Dkt. 22 at 10–11. Plaintiffs point to many perceived problems with Defendant's COBRA notice and argue that the notice "resulted in their inability to make an informed decision as to electing COBRA continuation coverage." Dkt. 26 at 2. However, any determination of the sufficiency of the notice is inappropriate at this stage of the proceedings.

The plan administrator of an employer health plan must provide former employees with "written notice … of [their COBRA] rights." 29 U.S.C. § 1166(a)(1). Notice must be provided in accordance with regulations promulgated by the Secretary of Labor. 29 U.S.C. § 1166(a). Chief among those regulations, the notice must "be written in a manner calculated to be understood by the average plan participant" and contain certain specific information. 29 C.F.R. § 2590.606-4(b)(4). The Eleventh Circuit has "not directly addressed what an employer must do to satisfy its notification obligations under COBRA[.]" *DeBene v. BayCare Health Sys.*, 688 F. App'x 831, 839 (11th Cir. 2017). But the notice must be sufficient to permit the discharged employee to make an informed decision whether to elect COBRA coverage. *See Meadows v. Cagle's, Inc.*, 954 F.2d 686, 692 (11th Cir. 1992).

Defendant's argument is a denial of Plaintiffs' allegation that the notice was deficient enough to prevent the Plaintiffs from making an informed decision about COBRA election—in short, a challenge addressing the merits of Plaintiffs' case.

Whether the COBRA notice here was deficient is a question that is premature for disposition. *See, e.g.*, *Delaughter*, 2018 WL 7349251, at *3 ("[T]he Court reserves ruling on the issue of whether ESA's COBRA notice was deficient, in fact, and will consider any such argument in a motion for summary judgment."). So the Defendant's Motion to Dismiss must be denied.

## CONCLUSION

For the reasons stated above, this Court denies Defendant's Motion to Dismiss. Dkt. 22. Defendant must file their answer and defenses within fourteen (14) days. No class discovery or consideration of class action issues shall proceed until resolution of the individual claims on summary judgment (or waiver of same by Defendant).

**DONE AND ORDERED** at Tampa, Florida, on March 3, 2020.

/s/ *William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record